UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG ALLEN WATSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 16-CV-87-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff, CRAIG ALLEN WATSON, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Craig Allen Watson's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Richard J. Kallsnick was held July 16, 2015. By decision dated August 3, 2015, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 8, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old on the alleged date of onset of disability and 47 years old on the date of the denial decision. He has a high school diploma with no past relevant employment. Plaintiff claims to have been unable to work since November 28, 2012[2] due to seizure disorder; low back pain; gastroesophageal reflux disease; hepatitis C; hypothyroidism; hypertension; chronic constipation; head injury (left side); schizoaffective disorder, bipolar type; personality disorder NOS; and mental illness. [R. 80].

## The ALJ's Decision

The ALJ found that Plaintiff has a severe impairment of seizure disorder; schizophrenia was found not severe. [R. 10-11]. The ALJ determined that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but

---

[2] Plaintiff amended his alleged onset date from January 1, 2010 to November 28, 2012.

should never climb ladders, ropes or scaffolds, should avoid concentrated exposure to hazards, dangerous machinery, and heights. Plaintiff cannot operate a motor vehicle due to seizures. Plaintiff has the ability to understand, remember or carry out simple and complex tasks, interact appropriately with supervisors, coworkers, and the public. Plaintiff has the ability to comply with job rules such as safety and attendance. He can respond to changes in the workplace setting, and has the ability to maintain persistence and pace in a normal workplace setting. [R. 11]. Although Plaintiff has no past relevant work, the ALJ determined, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 13-14]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts the ALJ erred by failing to identify and consider all impairments at Step 2 which affected the analysis of Steps 3, 4, and 5. [Dkt. 13, p. 2].

### Analysis

Step 2 Determination

Plaintiff argues that the ALJ erred at Step 2 by failing to identify or consider all impairments. The ALJ found Plaintiff's seizure disorder "severe" and schizophrenia "non-severe." [R. 11]. Plaintiff contends that the ALJ failed to identify or take into consideration his documented schizoaffective disorder, bipolar type; personality disorder NOS with paranoid avoidant traits; history of seizures; history of traumatic brain injury; chronic

epilepsy; hepatitis C; suicide attempts; tangential thoughts; guarded behavior; depressed affect; and extensive violence. [Dkt. 13, p. 2-4].

At Step 2 of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at Step 2. *Oldham v. Astrue,* 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at Step 2 does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.,* 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue,* 287 Fed. Appx. 616, 629 (10th Cir. 2008). In finding Plaintiff's seizure disorder 'severe,' the ALJ concluded Plaintiff could not be denied benefits at Step 2 and proceeded on to the next step. Thus, the court finds no error in the ALJ's findings at Step 2.

### Steps 3, 4, and 5 Determination

Plaintiff argues that by failing to consider all of his impairments at Step 2, the ALJ's analysis at Steps 3, 4, and 5 failed. Plaintiff contends that all impairments, even those found to be nonsevere, must be included in the hypothetical question posed to the vocational expert. Because no mental limitations were included in the hypothetical question, Plaintiff argues that remand is required. [Dkt. 13, p. 4-5].

In posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995) (citing *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir.

4

1990)(stating that the ALJ is not bound by the vocational expert's opinion in response to a hypothetical question which includes impairments that are not accepted as true by the ALJ). Hypothetical questions need only reflect impairments and limitations that are borne out by the evidentiary record. *Decker v. Chater,* 86 F.3d 953, 955 (10th Cir.1996).

The ALJ discussed Plaintiff's traumatic brain injury (TBI) noting he was stabbed in the head in 1997 which resulted in seizures. Plaintiff testified that he takes four medications to try to control the seizures and that following a seizure, he subsequently sleeps up to 2 days. [R. 12]. Though multiple computed tomography (CT) scans showed no evidence of seizures, the ALJ found that Plaintiff had a seizure disorder and incorporated seizure precautions into the RFC assessment. [R. 11-12]. However, the ALJ determined Plaintiff's seizure disorder was not disabling. [R. 12-13].

In 2012 counseling records reveal Plaintiff reported no suicidal or homicidal ideation. [R. 10, 515, 518]. In 2013 Plaintiff indicated his mental condition was stable and had no behavioral symptoms of psychological distress. [R. 10, 523, 527-29, 538, 540]. Dr. Linda M. Smith, M.D., performed a psychiatric evaluation on August 1, 2013. Dr. Smith found that Plaintiff did not meet the characteristics of any mental impairment. There was no evidence of schizophrenia or any other psychiatric disorder. Further, Plaintiff was not credible throughout the examination. Dr. Smith opined that Plaintiff could understand, remember, and carry out simple and complex tasks; he could interact appropriately with supervisors, coworkers, and the public; and he could maintain persistence and pace in a normal workplace setting. [R. 10-11; 618-626]. Dr. Sarah Maze, M.D., performed a neurological evaluation in July 2014. Dr. Maze found Plaintiff's mentation only mildly slowed. Dr. Maze opined that Plaintiff could follow one and two part instructions without

5

problems; his attention and concentration were not impaired; and his intelligence appeared to be in the normal range. [R. 13, 733-34]. The ALJ discussed Plaintiff's alleged mental impairments and concluded that the alleged severity of those impairments were not supported by the evidence. [R. 10].

Plaintiff was diagnosed with hepatitis C which he argues the ALJ failed to discuss or consider. However, Plaintiff did not present any evidence to establish that this impairment was severe or the condition caused functional limitations. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater,* 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Madrid v. Astrue,* 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel,* 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250* (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The court finds the ALJ's analysis of Steps 3, 4, and 5 was proper and supported by substantial evidence.

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 29th day of December, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE